Filed 6/13/24  P. v. Tilei CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080863 |
| v. | (Super.Ct.No. RIF080733) |
| PUNAOFO TSUGITO TILEI, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Reversed with directions.

Martin Kassman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Senior Assistant Attorney General, Steve Oetting, Kristen Ramirez, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Punaofo Tsugito Tilei appeals from the trial court's order which, after denying his petition for resentencing under Penal Code[1] section 1172.6, gave him only a partial resentencing under Senate Bill No. 483. Defendant additionally argues that the trial court erroneously failed to recalculate defendant's credits for actual custody. The People agree with both contentions. For the reasons set forth *post*, we reverse the court's order and remand the case for a full resentencing hearing along with a recalculation of defendant's actual custody credits.

## FACTUAL AND PROCEDURAL HISTORY

### A.     FACTUAL HISTORY

In 1998, Deputy James Erickson was dispatched to investigate a report of shots fired. When Deputy Erickson arrived at the location, defendant fired multiple rounds of ammunition at him, striking him in the left index finger. (*People v. Tilei* (July 19, 2000, E023430) [nonpub. opn.].)

### B.     PROCEDURAL HISTORY

On June 16, 1998, defendant was charged with the attempted murder of Deputy James Erickson under sections 664 and 187, with a special allegation that defendant personally and intentionally discharged a firearm and caused great bodily injury to Deputy Erickson under section 12022.53, subdivision (d) (count 1); assault with a firearm on a peace officer under section 245, subdivision (d)(1), with a special allegation that defendant personally inflicted great bodily injury on Deputy Erickson under section

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

12022.7 subdivision (a) (count 2); and possession of a firearm by a felon under former section 12021, subdivision (a) (count 3). The information further alleged defendant had two prior prison terms under section 667.5 subdivision (b).

A jury convicted defendant on all three counts and found true both allegations.

On September 1, 1998, defendant admitted the two prior prison terms.

On the same day, defendant was sentenced to life imprisonment with the possibility of parole and a consecutive 25 years to life for the firearm enhancement on count 1; an upper term of eight years, plus three years for the great bodily injury enhancement, stayed pursuant to section 654 on count 2; an upper term of three years, stayed pursuant to section 654 on count 3; and two years consecutive to the sentence on count 1 for the prison priors. The total sentence was two years plus 25 years to life plus life with parole.

On appeal, this court affirmed the judgment.

On March 16, 2022, defendant filed a petition for resentencing under former section 1170.95.

On February 10, 2023, the trial court denied defendant's petition for resentencing. In the same hearing the court dismissed defendant's two prison priors and denied defendant's request to strike the firearm enhancement without prejudice.

On February 14, 2023, the trial court filed a second amended abstract of judgment containing the same amount of custody credits as the abstract of judgment filed on December 14, 1998.

On March 9, 2023, defendant filed a notice of appeal.

## DISCUSSION

A.     <u>HAVING STRUCK THE PRIOR PRISON TERM ENHANCEMENTS, THE TRIAL COURT WAS REQUIRED TO CONDUCT A FULL RESENTENCING UNDER SECTION 1172.75</u>

Defendant contends the trial court had a duty to exercise its discretion as to whether to dismiss the firearm discharge enhancement. The People agree.

On March 16, 2022, defendant filed a petition for resentencing under former section 1170.95. On February 10, 2023, the trial court held a hearing, denying defendant's petition. After the denial, defendant's counsel inquired about other details of defendant's sentence. Counsel asked the court to strike the two prison priors, which it did, under section 1172.75. Counsel then asked the court to use its discretion and reconsider the gun enhancements, which it did not, believing it lacked jurisdiction to do so.

4

However, having stricken defendant's two prison priors under section 1172.75, the court was required to apply section 1172.75 subdivision (d)(2), as well, and exercise its discretion as to whether to dismiss the firearm enhancements. Section 1172.75 subdivision (d)(2) requires the court to "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." This includes the changes in law made by Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682, §§ 1, 2, eff. Jan. 1, 2018.) which grants "trial courts the discretion to strike firearm enhancements imposed under section 12022.53." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 396.)

In *People v. Monroe*, *supra*, 85 Cal.App.5th at page 398, "the trial court granted [defendant] relief under Senate Bill No. 483 but held he was not eligible to be considered for relief under Senate Bill No. 620." There, the Attorney General conceded that the trial court had "erred in denying relief under Senate Bill No. 620 because it was already resentencing [defendant] pursuant to Senate Bill No. 483." (*Id.* at p. 400.) "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*Id.* at p. 402.) However, this is precisely what happened here: the trial court struck the newly invalid prior prison term enhancements but did not perform a full resentencing. As such, the matter is remanded for a full resentencing hearing under section 1172.75 subdivision (d)(2).

5

## B THE TRIAL COURT ERRED IN FAILING TO UPDATE DEFENDANT'S ACTUAL CUSTODY CREDITS

Defendant contends the trial court neglected to update defendant's actual custody credits, as was required as part of resentencing. The People agree.

In defendant's original abstract of judgment, filed on December 14, 1998, the court awarded him 125 days of credits—109 actual days and 16 conduct credits. After resentencing appellant on February 14, 2023, the court failed to update defendant's actual custody credits to reflect the days he had served in state custody after his sentencing in 1998. The second amended abstract of judgment has the same credits as the first: 109 actual and 16 local conduct credits, for a total of 125 credits.

"Where a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts." (§ 2900.1.) Accordingly, "the trial court, having modified defendant's sentence on remand, was obliged, in its new abstract of judgment, to credit him with all *actual* days he had spent in custody, whether in jail or prison, up to that time." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37.) Upon remand, therefore, the trial court must recalculate defendant's actual custody credits and prepare a new abstract of judgment.

**DISPOSITION**

Defendant's sentence is reversed and the matter is remanded to the trial court for a full resentencing hearing. The trial court is further directed to make a determination and award any custody credits to which defendant is entitled. Following resentencing, the trial court is directed to prepare an amended abstract and forward a certified copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
J.

We concur:

RAMIREZ _____

                    P. J.

CODRINGTON _____

                    J.